# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

         Plaintiff,

v.

PRESTON D. ALLEN,

         Defendant.

Case No. 15-CR-229-JPS

**ORDER**

    Defendant has filed two recent letters with the Court requesting modification of his sentence. (Docket #25 and #26). Specifically, Defendant claims that the Court improperly applied a 2-point Sentencing Guideline enhancement to him for possession of a firearm. (Docket #26 at 1). According to Defendant, while there was a pending firearm charge in state court at the time of his sentencing, that prosecution was dropped a few days afterward. (Docket #25 at 1). Thus, Defendant requests that the two-point enhancement be eliminated.

    Defendant's request cannot be heard in the context of this criminal proceeding. While the Court can, pursuant to 18 U.S.C. § 3852, reduce a sentence pursuant to a retroactive amendment affecting a defendant's Guideline range, Defendant's claim is of a different type—namely, that the Guidelines' firearm enhancement should not apply to him at all. This contention must be raised in a motion to vacate, set aside, or correct Defendant's sentence pursuant to 28 U.S.C. § 2255. *See United States v. Bailey*, 777 F.3d 904, 906 (7th Cir. 2015); *United States v. Purnell*, 481 F. App'x 262, 263 (7th Cir. 2012); *United States v. Lloyd*, 398 F.3d 978, 979 (7th Cir. 2005). Defendant's submissions fall well short of presenting the sort of

information required for a Section 2255 motion, and so the Court cannot assess whether habeas relief is appropriate at this time. To facilitate the proper presentation of Defendant's claim, the Court attaches to its order a copy of this District's form Section 2255 motion. If he wishes to pursue the claim further, he must do so via a habeas motion.

Before he files such a motion, however, the Court cautions Defendant that his potential claim faces serious obstacles. First, he did not appeal his sentence, which was imposed on June 3, 2016. A claim cannot be raised for the first time in a Section 2255 motion if it could have been raised at trial or on direct appeal, unless the prisoner can establish both cause for his failure to raise the claim and prejudice if it is not heard, or if he proves that he is "actually innocent" of the crimes of which he was convicted. *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir. 2009); *Hale v. United States*, 710 F.3d 711, 713 (7th Cir. 2013); *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008). Defendant should carefully consider whether he can make these difficult showings before filing a Section 2255 motion.

Second, Defendant's claim is likely without merit. Despite his belief to the contrary, Defendant's Guideline enhancement for firearm possession was not based on the state-court firearm case pending at the time of his sentencing. Instead, as the revised presentence report reveals, several confidential informants noted that Defendant carried a firearm during the course of his drug trafficking activities. (Docket #19 ¶¶ 10, 13,

16). As such, the state prosecution is a red herring; it had nothing to do with the firearm enhancement Defendant received. *See id.* ¶¶ 54, 27.[1]

Finally, the Court notes that even were Defendant correct that he should not have received the firearm enhancement, it might not provide a basis on which to modify his sentence. Under the Guidelines calculation the Court adopted at sentencing, Defendant's total offense level was 25 and his criminal history category was III. *See* (Docket #22 at 1). This provided an imprisonment range of 70–87 months. The Court ultimately sentenced Defendant to just sixty months of incarceration. *See* (Docket #23 at 2). Adjusting the offense level downward by two points, as Defendant requests, results in a Guidelines range of 57–71 months. Thus, Defendant's actual sentence rests comfortably within the lower portion of even his preferred Guidelines range.

Accordingly,

**IT IS ORDERED** that Defendant's request for modification of his Guidelines assessment (Docket #26) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 18th day of May, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

---

[1] At sentencing, Defendant objected to the application of the firearm enhancement, suggesting that the informants' statements were unreliable. *See* (Docket #19-1 at 1–3). But the Court overruled the objection, (Docket #22 at 1), and as noted above, Defendant declined to appeal his sentence on that or any other ground.